IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SMS FINANCIAL JDC, LP, a Delaware limited partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-15-505-C |
| CARY COPE; P.J.N. CORPORATION (possibly doing business as INSURANCE SPECIALTY and/or INSURANCE SPECIALTY P.I.E.), an Oklahoma Corporation, PAMELA J. NEIBAUER; and CHEROKEE YACHT CLUB, an Oklahoma Corporation, ROBERT FERGUSON, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

The Court granted summary judgment in favor of the Plaintiff on February 9, 2016 (Dkt. No. 53). Plaintiff then timely filed a Motion for Attorney Fees (Dkt. No. 55) on February 23, 2016. Defendants filed a Response (Dkt. No. 69), and Plaintiff replied (Dkt. No. 71). The Motion is at issue.

Plaintiff sued Defendants to recover Defendant Cary Cope's indebtedness on a note secured by a yacht, for possession of the yacht, and for a determination that its interest in the yacht was superior to all Defendants. On summary judgment, the Court found the subject Note enforceable against Defendant Cope and ordered him to pay the debt. The Court also found that Plaintiff's security interest in the yacht is superior to the interests of all Defendants. Due to Cope's and Defendant Pamela J. Neibauer's inequitable conduct, the

Court left the yacht in possession of the yacht lessee, Defendant Robert Ferguson, and found that Plaintiff is entitled to the income from Neibauer's lease of the yacht to Ferguson as payment on Cope's debt.

The question now before the Court is whether Plaintiff is entitled to recover reasonable attorney fees from the Defendants, and if so, from whom.

## **ANALYSIS**

This is a diversity action in which Oklahoma substantive law applies. Plaintiff raises four Oklahoma statutes which, it contends, entitle it to attorney fees from all Defendants. The Court will address each statute in turn.

A.  <u>Plaintiff is entitled to recover reasonable attorney fees from Cope.</u>

First, Plaintiff contends that as a prevailing party with respect to the subject Note and Security Agreement, it is entitled to attorney fees from Cope under 12 Okla. Stat. § 936 and as a matter of contract. Section 936(A) states in relevant part:

> In any civil action to recover . . . on [a] . . . note . . . , unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Defendants do not contest the applicability of § 936(A) and admit that Plaintiff is a prevailing party as to Cope.[1] Having entered summary judgment on the Note in favor of Plaintiff and

---

[1] Def.'s Resp., Dkt. No. 69, p. 2. ("Plaintiff is a Prevailing Party as to Cope Only"); <u>id.</u> at 4 ("SMS is thus not a prevailing party except in regards to its money judgment claim against Cope."); <u>id.</u> at 9 ("WHEREFORE, Defendants P.J.N. Corporation, Pamela J. Neibauer, and Robert Ferguson pray the Plaintiff's Motion . . . be limited to Defendant Cope . . . .").

against Cope, the Court finds that Plaintiff is a prevailing party entitled to recover reasonable attorney fees from Cope under § 936(A).

B. <u>Plaintiff is not entitled to recover attorney fees from Neibauer, PJN Corporation, or Ferguson under 42 Okla. Stat. § 176 because they are incidental defendants.</u>

Plaintiff also asserts it is entitled to recover attorney fees from Defendants Neibauer, PJN Corporation, and Ferguson (the "Other Defendants") under 42 Okla. Stat. § 176. Section 176 states, "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

This case is an action to enforce a lien within the scope of § 176. Plaintiff contends that since the Other Defendants denied the superiority of Plaintiff's interest in the yacht, and the Court entered summary judgment in Plaintiff's favor, it is also entitled to attorney fees from the Other Defendants. The Other Defendants counter that Oklahoma case law limits liability for attorney fees to Cope only, since they were merely "incidental defendants" to this lawsuit. Case law supports the Other Defendants' position.

Oklahoma follows "the general rule that attorney fees are not allowed against incidental defendants." <u>HSRE–PEP I, LLC v. HSRE–PEP Crimson Park LLC</u>, 2013 OK CIV APP 38, ¶ 7, 304 P.3d 461, 463 (discussing <u>Voelke v. Sisemore</u>, 1959 OK 51, 338 P.2d 1080). In foreclosure actions naming the primary debtor and other competing lien claimants, Oklahoma courts have consistently held the other claimants are incidental defendants and that § 176 entitles the prevailing creditor to recover attorney fees from the primary debtor

3

only. Fourth Nat'l Bank of Tulsa v. Appleby, 1993 OK 153, ¶ 30, 864 P.2d 827, 834-35; Voelke, 1959 OK 51, ¶ 4, 338 P.2d at 1083; Crimson Park, 2013 OK CIV APP 38, ¶ 10, 304 P.3d at 465.[2] The Oklahoma Supreme Court announced this limitation when applying § 176 in the Voelke case:

> "Statutes of this character are primarily intended to reimburse the principal parties to the cause, when forced to resort to the courts to enforce or defend their rights. In foreclosure cases, it is common knowledge that there are usually numerous defendants, brought in with the principal one, in order to clear the title of outstanding equities, liens, and claims. However, we think the practice observed by the courts generally, if not universally, is to allow attorney's fees under such statutes *against the principal defendant debtor, and against the particular res, the subject of the litigation, and not against other incidental defendants*, brought in for the purposes above suggested."

1959 OK 51, ¶ 3, 338 P.2d at 1082 (citation omitted). When applied, the limitation does not mean the prevailing party cannot recover its fees relative to incidental defendants; rather, it means that "[a]ttorney fees awarded to the mortgagee and against the mortgagor in the principal action should include a fee for the time and effort expended in clearing junior liens," claims, and equities. Crimson Park, 2013 OK CIV APP 38, ¶ 8, 304 P.2d at 464.

Even when a lien claimant denies the prevailing party's superior interest, or actively asserts its interest against the prevailing party via counterclaim, such a claimant remains incidental. See Appleby, 1993 OK 153, ¶ 31, 864 P.2d at 835 ("A lien claimant in a

---

[2] Exceptional cases arise when the primary debtor is not a party to the lawsuit. Courts have held unsuccessful lien claimants liable for attorney fees because, when the primary debtor is not a party to the action, the competing lienholders are principal—not incidental—parties. See Ivey v. Henry's Diesel Serv., Inc., 1966 OK 170, 418 P.2d 634; Commercial Disc. Co. v. Midwest Chevrolet Co., 1956 OK 172, 301 P.2d 356; Okla. State Bank of Ada v. Citizens Bank of Ada, 1998 OK CIV APP 15, 956 P.2d 923; Travis v. Del State Bank, 430 F. Supp. 312, 315 (W.D. Okla. 1976).

4

mortgage foreclosure action is an 'incidental defendant,' although he files a counterclaim."); Crimson Park, 2013 OK CIV APP 38, ¶ 7, 304 P.3d at 464 ("The Supreme Court rejected the plaintiffs/mortgagees' argument 'that [the competing lienholders] cannot be considered "incidental defendants" within the general rule, because of the force and means they used in establishing and enforcing their claimed liens'" (quoting Voelke, 1959 OK 51, ¶ 3, 338 P.2d at 1082)).

At its core, this is an action to foreclose Plaintiff's secured interest in the yacht Defendant Cope used to secure the subject Note. Plaintiff and Cope, the sole parties to the underlying Note and Security Agreement, are the principal parties to the action. Contrary to Plaintiff's assertion, the Court finds that Defendants Neibauer, PJN Corporation, and Ferguson are incidental defendants under Oklahoma law, and thus, Plaintiff is not entitled to recover attorney fees therefrom. Moreover, despite the fact that Neibauer, PJN Corporation, and Ferguson contested Plaintiff's superior interest either by denial or denial and counterclaim, they remain incidental defendants.

C. <u>Plaintiff is not entitled to recover attorney fees from Neibauer, PJN Corporation, or Ferguson under 12 Okla. Stat. §§ 1580 or 1571.1.</u>

Plaintiff further asserts it is entitled to reasonable attorney fees from the Other Defendants under 12 Okla. Stat. § 1580, although Plaintiff cites no pertinent cases awarding fees thereunder. Section 1580 sets out the alternative judgments the Court may award the prevailing party "[i]n an action to recover the possession of personal property." The last sentence states, "The judgment rendered in favor of the prevailing party in such action may

5

include a reasonable attorney fee to be set by the court, to be taxed and collected as costs." 12 Okla. Stat. § 1580.

The Court finds this statute inapplicable to this case because plaintiff did not prevail with respect to possession of the yacht. Even if it had, because the statute is permissive, and the Court has already found Cope liable for all of Plaintiff's reasonable attorney fees in this action, the Court declines to award fees from the Other Defendants.

Lastly, Plaintiff asserts entitlement to attorney fees from Ferguson pursuant to 12 Okla. Stat. § 1571.1, although it makes no argument to that effect. The Court finds that § 1571.1 does not apply to this action.

D.  Plaintiff's attorney fee is reasonable.

Plaintiff seeks attorney fees in the amount of $75,539.00 based on the hours expended multiplied by the timekeeper's hourly rate. Defendants do not challenge the hourly rates sought by Plaintiff, and the Court finds them to be reasonable. Defendants argue, however, that the fee is excessive for "a case that was resolved at summary judgment where that motion was the first and only dispositive motion in the case." (Def.'s Resp., Dkt. No. 69, pp. 8-9.) The Court takes this to mean that Defendants contest the reasonableness of the hours expended.

The Court must determine whether the Plaintiff has proven that the hours expended were reasonable. Oliver's Sports Ctr., Inc. v. Nat'l Standard Ins. Co., 1980 OK 120, 615 P.2d 291. All that is required of the submitted time records is that they make it possible for the Court to determine the time allotted to certain tasks and the reasonableness of that time.

Morgan v. Galilean Health Enters., Inc., 1998 OK 130, ¶ 16, 977 P.2d 357, 364. The time records submitted by Plaintiff permit this consideration. The attorney affidavit submitted therewith shifted the burden to Defendants to prove the unreasonableness of the time entries, and Defendants have not carried their burden. Moreover, in light of the fact that the Court entered summary judgment approximately two weeks before trial, the Court finds the hours expended are reasonable.

Oklahoma follows the lodestar method when calculating attorney fee awards. State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659. Having found both the hourly rate and hours expended reasonable, all that is left is to calculate the lodestar amount by multiplying the hours expended by the hourly rate. Based on the time sheets submitted, the lodestar amount equals $75,539.00. The Court finds that the Plaintiff is entitled to that amount from Defendant Cope.

As a general rule, an evidentiary hearing is required when deciding a fee award. The Court, however, is familiar with this matter. The materials submitted by the parties are thorough and have allowed the Court a full view of the basis for Plaintiff's request. Thus, the Court finds a hearing is unnecessary. See Gamble, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 774 (10th Cir. 1999) (citing cases).

## CONCLUSION

Having entered summary judgment on the subject Note in favor of Plaintiff and against Defendant Cope, the Court finds Plaintiff a prevailing party as to Cope only under 12 Okla. Stat. § 936. Plaintiff is therefore entitled to recover reasonable attorney fees from Cope in the amount of $75,539.00. For the reasons set forth above, Plaintiff is not entitled to recover attorney fees from Defendants Neibauer, PJN Corporation, or Ferguson. Accordingly, Plaintiff's Motion for Attorney Fees is GRANTED in part.

IT IS SO ORDERED this 16th day of May, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge